# Case.net:25SL-CC07851 - JOHN NIEWOEHNER V WAL-MART STORES EAST I, LP (E-CASE) - Docket Entries

**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries

**08/05/2025**

**Corporation Served**

Document ID - 25-SMCC-12180; Served To - WAL-MART STORES EAST I, LP ; Server - CT CORP; Served Date - 08/04/2025; Served Time - 00:00:00; Service Type - 30; Reason Description - SERV; Service Text -LC -STE 4B - CT CORP

**08/01/2025**

**Corporation Served**

Document ID - 25-SMCC-12179; Served To - JENNIFER "JJ" MOTT; Server - BAUMGARTNER; Served Date - 07/31/2025; Served Time - 00:00:00; Service Type - 11; Reason Description - SERV; Service Text -LC

**07/25/2025**

**Summons Issued-Circuit**

Document ID: 25-SMCC-12180, for WAL-MART STORES EAST I, LP Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-12179, for MOTT, JENNIFER "JJ" Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**07/18/2025**

**Filing Info Sheet eFiling**

**Filed By:** DANIEL J. MARSH JR.

**Pet Filed in Circuit Ct**

Petition.

**Filed By:** DANIEL J. MARSH JR.

**On Behalf Of:** JOHN NIEWOEHNER

**Judge Assigned**

DIV 3

25SL-CC07851

Electronically Filed - St Louis County - July 18, 2025 - 02:50 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JOHN NIEWOEHNER,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST I, LP<br>d/b/a WALMART #2600<br><br>SERVE:<br>CT CORPORATION SYSTEM<br>5661 Telegraph Rd Ste 4B<br>Saint. Louis, MO 63129<br><br>and<br><br>JENNIFER "JJ" MOTT<br><br>SERVE:<br>100 THF Blvd,<br>Chesterfield, MO 63005<br><br>Defendant. | Cause No.:<br><br>Personal Injury<br>In Excess of $25,000.00<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, JOHN NIEWOEHNER, by and through the undersigned counsel, and for his Petition against Defendant WAL-MART STORES EAST I, LP d/b/a WALMART #2600 and JENNIFER "JJ" MOTT, states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. That Plaintiff John Niewoehner ("Plaintiff") is an individual and a resident of the State of Missouri.
2. That Defendant, Wal-Mart Stores East I, LP d/b/a Walmart #2600 ("Defendant Walmart") is now and was at all relevant times herein an Arkansas corporation duly

Electronically Filed - St Louis County - July 18, 2025 - 02:50 PM

authorized and licensed to do business in the State of Missouri that owns and operates a store located at 100 THF Blvd, Chesterfield, MO 63005.

3. At all times herein mentioned, the deeds, acts, omissions, and knowledge attributed to Defendant Walmart were performed, omitted, or known by Defendant Walmart, by and through their agents, servants, and employees, acting within the scope of their employment with Defendant Walmart.

4. That at all times herein mentioned, Defendant Jennifer "JJ" Mott ("Defendant Mott") is an individual and a resident of the State of Missouri, and upon information and belief, is and was an agent and/or employee of Defendant Walmart, operating within the course of her employment as Store Manager, and with duties to manage, supervise, and train other Walmart employees.

5. Venue is proper in this Court in that the acts complained of occurred in St. Louis County, State of Missouri.

6. On or about October 13, 2023, Plaintiff was an invitee entering interior of Defendant Walmart's store from the outdoor garden area at 100 THF Blvd, Chesterfield, Missouri 63005.

7. At said time and place, Plaintiff was walking in the aforementioned area when the hazardous, wet condition of the floor caused him to slip, fall and sustain severe and permanent injuries hereinafter described.

8. Said condition constituted a dangerous and defective condition.

9. At all times, Defendant Walmart owned and maintained the area where Plaintiff fell.

Electronically Filed - St Louis County - July 18, 2025 - 02:50 PM

10. As owners of the premises, Defendant Walmart had a duty to exercise reasonable and ordinary care in making its premises safe.
11. Defendant Walmart breached its duty to exercise reasonable and ordinary care in making its premises safe, resulting in injury to Plaintiff.

**COUNT I - DEFENDANT WALMART**

12. Plaintiff hereby incorporates by reference all prior paragraphs of his Petition as if fully stated herein.
13. Plaintiff's injuries were due to the carelessness and negligence of Defendant Walmart by and through its agents, servants, and employees, or any combination thereof, in one or more of the following respects to wit:
    a. Defendant Walmart knew or should have known that the hazardous, wet condition of the floor presented a high risk of slipping and/or falling, causing the premises to be dangerous to Plaintiff and others;
    b. Defendant Walmart failed to inspect said dangerous condition;
    c. Defendant Walmart failed to barricade said dangerous defective condition and/or warn the public, particularly the Plaintiff, of said dangerous condition;
    d. Defendant failed to remove, repair, or otherwise remedy said dangerous condition;
    e. Defendant Walmart failed to use ordinary care to make the area reasonably safe;
    f. Defendant Walmart failed to place a caution sign, cone, or warning in said area;
    g. Defendant Walmart failed to place floor mats in said area;

Electronically Filed - St Louis County - July 18, 2025 - 02:50 PM

h. Defendant Walmart was otherwise negligent as discovery may show.

14. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Walmart, Plaintiff was caused to suffer injuries to-wit: severe and permanent injuries including but not limited to his right shoulder resulting in two surgeries; reasonable and necessary past and future medical expenses; lost wages; and non-economic damages as a result of his injury, permanent condition, and ongoing limitations, restrictions, swelling, soreness, pain, and suffering. Plaintiff's injuries are serious, painful, and disabling and will continue to be so in the future. That he will endure future pain and incur probable future expenses.

WHEREFORE, Plaintiff John Niewoehner, prays judgment against Defendant WAL-MART STORES EAST I, LP d/b/a WALMART #2600 and JENNIFER "JJ" MOTT jointly and severally, in a fair and reasonable amount in excess of $25,000.00 together with his costs expended herein, and any other remedy this Court deems just and proper.

**COUNT II – DEFENDANT JENNIFER "JJ" MOTT**

15. Plaintiff hereby incorporates by reference all prior paragraphs of his Petition as if fully stated herein.

16. Plaintiff's injuries were due to the carelessness and negligence of Defendant Mott in one or more of the following respects to-wit:

a. Defendant Mott knew or should have known that the hazardous, wet condition of the floor presented a high risk of slipping and/or falling, causing the premises to be dangerous to Plaintiff and others;

b. Defendant Mott failed to inspect said dangerous condition;

Electronically Filed - St Louis County - July 18, 2025 - 02:50 PM

c. Defendant Mott failed to barricade said dangerous defective condition and/or warn the public, particularly the Plaintiff, of said dangerous condition;

d. Defendant Mott failed to remove, repair, or otherwise remedy said dangerous condition;

e. Defendant Mott failed to use ordinary care to make the area reasonably safe;

f. Defendant Mott failed to place a caution sign, cone, or warning in said area;

g. Defendant Mott failed to place floor mats in said area.

h. Defendant Mott was otherwise negligent as discovery may show.

17. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Mott, Plaintiff was caused to suffer injuries to-wit: severe and permanent injuries including but not limited to his right shoulder resulting in two surgeries; reasonable and necessary past and future medical expenses; lost wages; and non-economic damages as a result of his injury, permanent condition, and ongoing limitations, restrictions, swelling, soreness, pain, and suffering. Plaintiff's injuries are serious, painful, and disabling and will continue to be so in the future. That he will endure future pain and incur probable future expenses.

WHEREFORE, Plaintiff JOHN NIEWOEHNER, prays judgment against Defendant JENNIFER "JJ" MOTT and WAL-MART STORES EAST I, LP d/b/a WALMART #2600 jointly and severally, in a fair and reasonable amount in excess of $25,000.00, together with his costs expended herein, and any other remedy this Court deems just and proper.

Electronically Filed - St Louis County - July 18, 2025 - 02:50 PM

Respectfully Submitted,

**MANDEL, MANDEL,**
**MARSH, SUDEKUM & SANGER**

By: /s/ *Daniel J. Marsh, Jr.*
DANIEL J. MARSH, JR., #45807
1010 Market Street, Suite 850
St. Louis, MO 63101
PH: (314) 621-1701
FX: (314) 621-4800
dan@mandelmandel.com
***Counsel for Plaintiff***

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>HEATHER RENE CUNNINGHAM | **Case Number: 25SL-CC07851** |
| Plaintiff/Petitioner:<br>JOHN NIEWOEHNER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL J. MARSH JR.<br>1010 MARKET STREET<br>SUITE 850<br>ST. LOUIS, MO 63101 |
| Defendant/Respondent:<br>WAL-MART STORES EAST I, LP<br>DBA: WALMART #2600 | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

SHERIFF FEE PAID

(Date File Stamp for Return)

**The State of Missouri to: JENNIFER "JJ" MOTT**
**Alias:**

**100 THF BLVD**
**CHESTERFIELD, MO 63005**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

25-JUL-2025
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD

Case Number: 25SL-CC07851

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________ (title).

☐ other: ______________________________________________.

Served at ______________________________________________ (address)

in _________________________ (County/City of St. Louis), MO, on _______________ (date)

at ___________ (time).

_________________________________ Printed Name of Officer or Server

_________________________________ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ____________________ (date).

*(Seal)*

My commission expires: _______________ Date _____________________ Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $__________ |
| Non Est | $__________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $__________ (______ miles @ $.______ per mile) |
| **Total** | **$__________** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) Advisory Arbitration: A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) Mediation: A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) Early Neutral Evaluation ("ENE"): A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) Mini-Trial: A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) Summary Jury Trial: A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>HEATHER RENE CUNNINGHAM | **Case Number: 25SL-CC07851** | |
| Plaintiff/Petitioner:<br>JOHN NIEWOEHNER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL J. MARSH JR.<br>1010 MARKET STREET<br>SUITE 850<br>ST. LOUIS, MO 63101 | SHERIFF FEE PAID |
| Defendant/Respondent:<br>WAL-MART STORES EAST I, LP<br>DBA: WALMART #2600 | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp for Return) |

**The State of Missouri to: WAL-MART STORES EAST I, LP**
**Alias:**
**DBA: WALMART #2600**

**5661 TELEGRAPH ROAD**
**SUITE 4B**
**CT CORPORATION SYSTEM**
**ST. LOUIS, MO 63129**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

25-JUL-2025
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD

Case Number: 25SL-CC07851

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________ (date)

at ____________ (time).

______________________ Printed Name of Officer or Server

______________________ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________ Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $__________ |
| Non Est | $__________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $__________ (______ miles @ $.______ per mile) |
| **Total** | **$__________** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.

Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) Advisory Arbitration: A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) Mediation: A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) Early Neutral Evaluation ("ENE"): A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) Mini-Trial: A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) Summary Jury Trial: A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

104 835 TIM

# Summons in Civil Case

RETURN

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division: HEATHER RENE CUNNINGHAM | **Case Number: 25SL-CC07851** | **SHERIFF FEE PAID** |
| Plaintiff/Petitioner: JOHN NIEWOEHNER vs. | Plaintiff's/Petitioner's Attorney/Address DANIEL J. MARSH JR. 1010 MARKET STREET SUITE 850 ST. LOUIS, MO 63101 | SB 8/24 |
| Defendant/Respondent: WAL-MART STORES EAST I, LP DBA: WALMART #2600 | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 | |
| Nature of Suit: CC Pers Injury-Other | | (Date File Stamp for Return) |

**The State of Missouri to: JENNIFER "JJ" MOTT**
**Alias:**

**100 THF BLVD** 11 BAUMR
**CHESTERFIELD, MO 63005** NG

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

| 25-JUL-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

9/30 SW

Case Number: 25SL-CC07851

**Officer's or Server's Return**

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:
Tim (name) Manager (title).

☐ other: ______________________.

Served at 100 THE BLVD (address)
in ST LOUIS (County/City of St. Louis), MO, on 7/31/25 (date)
at 0835 (time).

BAUMGARTNER
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________
Date Notary Public

FILED
AUG 04 2025
Joan M. Gilmer
Circuit Clerk,
St. Louis County

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( miles @ $. per mile) |
| **Total** | $ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

83 RETURN 8/24

SHERIFF FEE PAID

| | |
|---|---|
| Judge or Division:<br>HEATHER RENE CUNNINGHAM | **Case Number: 25SL-CC07851** |
| Plaintiff/Petitioner:<br>JOHN NIEWOEHNER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL J. MARSH JR.<br>1010 MARKET STREET<br>SUITE 850<br>ST. LOUIS, MO 63101 |
| Defendant/Respondent:<br>WAL-MART STORES EAST I, LP<br>DBA: WALMART #2600 | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp for Return)

**The State of Missouri to: WAL-MART STORES EAST I, LP**
**Alias:**
**DBA: WALMART #2600**

**5661 TELEGRAPH ROAD**
**SUITE 4B**
**CT CORPORATION SYSTEM**
**ST. LOUIS, MO 63129**

30 CTCOR NG

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

25-JUL-2025
Date

/S/ Adam Dockery
Clerk

RECEIVED 2025 JUL 30 PM 2:23 ST. LOUIS COUNTY SHERIFF'S OFFICE

**Further Information:**
AD

30731 7/30

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-121801** of 2 (25SL-CC07851) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case Number: 25SL-CC07851

**Officer's or Server's Return**

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
Ohn (name) Intake Specialist (title).

☑ other: CT Corp.

Served at 5661 Telegraph Rd, Suite 4B, 63129 (address)
in St Louis (County/City of St. Louis), MO, on 08/04/25 (date)
at 1020 (time).

_______________________ Printed Name of Officer or Server

_______________________ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________ Notary Public

FILED
AUG 06 2025
Joan M. Gilmer
Circuit Clerk,
St. Louis County

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $________ (______ miles @ $.______ per mile) |
| **Total** | $________ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.